1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM L. MEADOR,

     Plaintiff,                        No. CIV S-10-0860 EFB P

     vs.

C.S.P. DENTAL ANNEX, et al.,

     Defendants.              <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for a physical examination. Dckt. No. 28.

     Plaintiff's motion, made pursuant to Fed. R. Civ. P. 35(a), requests that the court order a doctor to conduct an examination of his person. Dckt. No. 28. Rule 35(a) provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." But Rule 35 does not give the court authority to appoint an expert to examine a party on his own motion. *Brown v. United States*, 74 Fed. App'x 611, 614 (7th Cir. August 11, 2003); *Adams v. Epps*, 2008 U.S. Dist. LEXIS 93910, 2008 WL 4861926 at *1 (S.D. Miss. 2008) ("Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of

1

himself.'"); *see also Cabrera v. Williams*, 2007 U.S. Dist. LEXIS 66480, 2007 WL 2682163 at *2 (D. Neb. Sept 7, 2007) (denying prisoner's request for medical examination under Rule 35); *Lindell v. Daley*, 2003 WL 23111624 at *1-2 (W.D. Wis. June 30, 2002) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party . . . . The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.").

    Thus, the rule provides no authority for the court to order a physical examination of plaintiff.  Accordingly, it is hereby ORDERED that plaintiff's March 7, 2011 motion for a physical examination (Docket No. 28) is denied.

Dated: April 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE