IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM L. MEADOR,

       Plaintiff,                       No. CIV S-10-0860 EFB P

      vs.

C.S.P. DENTAL ANNEX, et al.,

       Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's "Motion to Service Documents During Action" (Docket No. 22), motion for preliminary injunction (Docket No. 23) and related motion for relief from the bond provisions of Federal Rule of Civil Procedure 65 (Docket No. 24), and "motion to schedule pretrial proceedings" (Docket No. 33). For the reasons provided below, the court accepts plaintiff's documentary evidence for filing, but denies plaintiff's request for a preliminary injunction and to schedule pretrial proceedings.

**I.    "Motion to Service Documents"**

      Plaintiff has filed a "motion to service documents," appending 13 pages of documents. Dckt. No. 22. He states that he wishes to submit the documents to the court, *id.* at 1, but it is unclear what this evidence is intended to support. Plaintiff indicates that the documents show

1

that he exhausted his administrative remedies. *Id.* at 2. However, currently, no dispositive motion is pending to which the attached documents might be relevant. The court will accept the documents for filing, but informs plaintiff that, should he rely on the evidence in future briefs, he must cite specifically to the docket and page numbers; the court will not scour through the exhibits to find evidence supporting plaintiff's arguments. If plaintiff wishes the exhibits to be a part of his complaint, plaintiff must file an amended complaint that includes the exhibits. E.D. Cal. L.R. 220 (all pleadings must be complete within themselves and contain all exhibits or attachments referred to within the pleading); *see* Fed. R. Civ. P. 15 (providing procedures for amending a pleading).

## II.     Motion for Preliminary Injunction

In plaintiff's motion for a preliminary injunction, plaintiff asks the court for an order requiring prison officials to transfer him from Solano State Prison, presumably to the California Men's Colony. *See* Dckt. No. 23 at 8; Dckt. No. 23-1 at 3. Plaintiff claims that mostly unidentified prison officials are retaliating against him for his various court actions by searching his cell numerous times, moving him to different cells (including one night spent in a cell without a functioning toilet), and withholding his legal property. Plaintiff's complaint, on the other hand, levels unrelated allegations against two prison dentists, defendants Crispin and Zhang, for deliberately indifferent dental care. Plaintiff has not alleged any action on the part of defendants to direct or participate in the alleged retaliation he is suffering. Because the allegations of plaintiff's motion are unrelated to the allegations of the complaint, the motion is properly construed as for a protective order rather than a preliminary injunction. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (stating that preliminary injunctive relief is not appropriate for matters outside the lawsuit's issues); *DeVose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (same).

////

////

1   Plaintiff has made an insufficient showing to justify issuance of a protective order here.[1]
2   There is no evidence that plaintiff's efforts to litigate this case will be hampered unless he is
3   transferred from Solano State Prison.  While plaintiff's retaliation allegations may form the basis
4   of a different lawsuit, they do not show that plaintiff is currently prevented from effectively
5   litigating this suit.  If plaintiff is being deprived of access to legal property necessary to the
6   litigation of this action, plaintiff may file a new motion for protective order informing the court
7   what property is being withheld and why the property is needed to litigate this case.  Because the
8   court will deny plaintiff's motion for a preliminary injunction, plaintiff's related motion to be
9   relieved from posting a bond will be denied as moot.

**III.   Motion to Schedule Pretrial Proceedings**

On May 11, 2011, plaintiff filed a brief motion "to schedule pretrial proceedings."  Dckt. No. 33.  The court issued a discovery and scheduling order governing this case on January 24, 2011, which remains in effect.  Dckt. No. 27.  That order provided that the court would schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  *Id.* at 4.  It further provided that dispositive motions may be filed until August 5, 2011.  *Id.*  After resolution of any dispositive motions or expiration of the deadline to bring them the court will set the matter for a pretrial conference, if appropriate.  As the deadline for filing pretrial motions has not yet passed, plaintiff's motion to schedule pretrial proceedings is premature and will accordingly be denied.

**IV.   Order**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's November 2, 2010 request to file documents (Docket No. 22) is granted as provided in this order;

////

---

[1] The court grants plaintiff's April 27, 2011 motion to supplement the motion for preliminary injunctive relief and has considered the materials submitted by plaintiff on that date.  Dckt. No. 32.

3

1       2.  Plaintiff's April 27, 2011 motion to supplement the motion for a preliminary
2  injunction (Docket No. 32) is granted;
3       3.  Plaintiff's December 20, 2010 motion for a preliminary injunction (Docket No. 23) is
4  construed as a motion for a protective order and, so construed, is denied;
5       4.  Plaintiff's December 20, 2010 motion for relief from bond (Docket No. 24) is denied
6  as moot;
7       5.  Plaintiff's May 11, 2011 motion to schedule pretrial proceedings (Docket No. 33) is
8  denied.
9  Dated:  June 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4