IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MEADOR,

        Plaintiff,                    No. CIV S-10-0860 EFB P

     vs.

C.S.P. DENTAL ANNEX, et al.,
                                     ORDER AND
        Defendants.             FINDINGS AND RECOMMENDATIONS
_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Through the present motion, defendants Jennings, Crispin, and Zhang seek summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. Dckt No. 37. For the reasons set forth below, the court recommends that the motion be granted.

**I.    Background**

       This action proceeds on the complaint filed by plaintiff on March 2, 2010. Dckt. No. 1. That complaint alleges that defendants violated plaintiff's Eighth Amendment rights during the his treatment for a dental problem.

       The following facts are not disputed by the parties: Plaintiff is an inmate housed at California State Prison - Solano. Defs.' Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("DUF"), Dckt. No. 37-1, 1. On October 2, 2009, plaintiff went to the dental clinic to

1

have two teeth extracted. DUF 3. Prior to the extraction, plaintiff signed an informed consent form, which disclosed, among other things, that extraction could result in pain, swelling, infection, and bone fragments in the extraction site. DUF 4. The extractions were performed by defendant Jennings, a dentist working for the California Department of Corrections and Rehabilitation (Hereinafter "CDCR"). DUF 5. Plaintiff attended a post-operative follow-up on October 7, 2009, where defendant Crispin, a dentist working for the CDCR, observed that one of the tooth extraction sites was infected. DUF 6. Defendant Crispin prescribed plaintiff pain medication and antibiotics and advised plaintiff to rinse his mouth after meals and before going to bed. DUF 6.

On October 13, 2009, plaintiff returned to the dental clinic, complaining of pain originating from the infected extraction site. DUF 7. Defendant Zhang, a dentist working for the CDCR, evaluated plaintiff and discovered a bone fragment. DUF 8. Removal of the bone fragment was scheduled for the following day and was performed by defendant Zhang. DUF 8-9. Plaintiff continued to experience pain, and on October 21, 2009, an additional bone fragment was discovered and removed by an individual who is not a party to the present suit. DUF 10. On October 28, 2009, plaintiff reported he was no longer experiencing pain. DUF 12.

**II.     Summary Judgment Standards**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Focus on where the burden of proof lies on the issue in question is crucial to summary judgment procedures. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted). The opposing party must demonstrate – through evidence in the form of affidavits and/or admissible discovery material – a factual dispute that is both material (i.e., it affects the outcome of the claim under the governing law) and genuine (i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party). Fed. R. Civ. P. 56(c)(1)(A); *Anderson*, 477 U.S. at 248-50; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n.11 (1986). Alternatively, the opposing party may demonstrate that a material fact is genuinely disputed by "showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that [the moving] party cannot produce admissible evidence to support the

fact." Fed. R. Civ. P. 56(c)(1)(B); *Matsushita*, 475 U.S. at 586.  As noted, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 322.  Thus, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

In resolving a summary judgment motion, the court examines the pleadings, the discovery and disclosure materials on file, and any affidavits filed by the parties.  *See* Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in his or her favor. *Anderson*, 477 U.S. at 255*; Matsushita*, 475 U.S. at 587.  Nevertheless, it is the opposing party's obligation to produce a factual predicate from which a favorable inference may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On October 26, 2010, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 955-60 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999) (holding that either the district court or the moving party must inform a pro se prisoner of the requirements of Rule 56), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

**III.    Analysis**

Defendants contends they are entitled to summary judgment because plaintiff failed to proffer evidence that they were deliberately indifferent to plaintiff's serious medical need.  A

prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055 (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Conn*, 572 F.3d at 1055. An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk. *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45.

Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to establish deliberate indifference. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. *Jackson*, 90 F.3d at 332. The rules pertaining to denial of medical care are equally applicable to claims predicated on a deprivation of dental care. *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989).

**A.     Defendant Jennings**

Plaintiff argues that defendant Jennings knew, or should have known, that extracting a tooth could result in bone fragments in the extraction site, and that he failed to take reasonable measures to prevent this risk. Plaintiff contends that by failing to take measures to avoid bone

5

1  fragments in the extraction site, defendant Jennings failed to comply with the applicable standard
2  of care.  Plaintiff is essentially arguing that defendant was negligent in extracting one of his teeth
3  and, therefore, acted with deliberate indifference.  A showing of negligence, however, is not
4  sufficient to establish deliberate indifference.  *See Estelle*, 429 U.S. at 106 (claim that defendant
5  was negligent in providing medical treatment is not sufficient to state an Eighth Amendment
6  claim.).  "Medical malpractice does not become a constitutional violation merely because the
7  victim is a prisoner."  *Id*.  Here, although plaintiff argues that improper treatment led to the bad
8  result of bone fragments remaining in the extraction site, there is a fundamental failure of proof
9  that Jennings was deliberately indifferent to plaintiffs need for medical care.  Indeed, the
10 evidence shows that defendant attempted to provide the necessary treatment.  Although plaintiff
11 may well believe that the remaining bone fragments were the result of negligence, he has
12 provided no evidence indicating that defendant Jennings acted with deliberate indifference in
13 causing this result.  Accordingly, defendant Jennings is entitled to summary judgment.

**B.      Defendant Crispin**

Plaintiff argues that the course of treatment provided by defendant Crispin was medically unacceptable.  Plaintiff claims that, rather than proscribing pain medication and antibiotics, defendant Crispin should have taken X-rays.  According to plaintiff, X-rays would have revealed any bone fragments at the extraction site, presumably allowing defendant to remove all remaining fragments.

"[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health."  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal quotations marks omitted).  In *Estelle*, the plaintiff contended that defendants should have utilized more diagnostic techniques, including using X-rays, in attempting to diagnose the plaintiff's injury.  *Estelle*, 429 U.S. at 107.  The court noted that the decision of whether to order an X-rays is a classic example

of a matter of medical judgment. *Id.* The court held that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Id.*

Here, there is no evidence showing the treatment provided by defendant Crispin was medically unacceptable under the circumstances, and more importantly, no evidence of deliberate indifference by Crispin. Defendant Crispin evaluated plaintiff, observed an infection in one of the extraction sites, and prescribed plaintiff pain medication and antibiotics. DUF 6. Although X-rays may have shown that plaintiff's infection was caused by bone fragments in the extraction site, defendant Crispin decided to pursue an alternative course of treatment. Plaintiff's disagreement with defendant Crispin's decision is insufficient to show defendant Crispin was deliberately indifferent to plaintiff's serious medical need. Accordingly, defendant Crispin's motion for summary judgment should be granted[1].

**C.    Defendant Zhang**

Plaintiff contends that defendant Zhang was deliberately indifferent to his serious medical need because defendant Zhang delayed plaintiff's request for treatment. Dckt. No. 1 at 11. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Jackson*, 90 F.3d at 332 (quoting *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992)). "However, the officials' conduct must constitute unnecessary and wanton infliction of pain before it violates the Eighth Amendment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

On October 13, 2009, plaintiff returned to the dental clinic, complaining of pain. DUF 7. He was examined by defendant Zhang, who observed a small bone fragment and an absence of swelling. DUF 7. Defendant Zhang performed the removal of the bone fragment the following

---

[1] Plaintiff also contends that defendants Crispin and Zhang's conduct fell below the applicable standard of care because they failed to take X-rays. The court construes this argument as an allegation that defendants Crispin and Zhang were negligent in providing dental care. As already discussed, a showing of negligence is insufficient to establish deliberate indifference. *See Estelle*, 429 U.S. at 106.

day. DUF 8. Although plaintiff may have preferred to have the bone fragment immediately removed, scheduling the appointment for the following day did not constitute an unnecessary and wanton infliction of pain. These undisputed facts, rather than showing deliberate indifference, establish that plaintiff was provided prompt dental treatment.

Furthermore, plaintiff has failed to show how scheduling the removal of the bone fragment for the following day resulted in further injury. Mere delay in medical treatment must lead to further injury to amount to deliberate indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff has not provided any evidence that he experienced unnecessary pain as a result of the one day delay. The evidence indicates that removal of the bone fragment on October 14, 2009 did not alleviate plaintiff's discomfort. On October 21, 2009, plaintiff returned to the dental clinic, complaining that he continued to experience pain. DUF 10. It was not until additional bone fragments were discovered and removed that plaintiff's pain ceased. DUF Nos. 11-12. The evidence does not demonstrate that the defendants simply ignored plaintiff's plight, they attempted to identify the source of pain and infection and treat it. Accordingly, plaintiff has failed to show how the one day delay resulted in further injury. Plaintiff has not provided evidence that defendant Zhang acted with deliberate indifference and, therefore, defendant Zhang is entitled to summary judgment.

**IV.    Recommendation**

Accordingly, it is ORDERED that the Clerk is directed to randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that:

1. Defendants' August 1, 2011 motion for summary judgment, Dckt. No. 37, be granted;

2. Judgment be entered in their favor; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9